**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BEN WILEY JONES,

      Petitioner-Appellant,

  v.

H.N. SCOTT,

      Respondent-Appellee.

No. 00-6009

W.D. Okla.

(D.C. No. 99-CIV-495-R)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

      Mr. Jones was convicted of first-degree murder and sentenced to death; his sentence was commuted to a life sentence on September 2, 1976. He was separately convicted of first-degree robbery and sentenced to twenty-five years' imprisonment. From 1974 to 1978, the Oklahoma Department of Corrections

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

("DOC") applied his time to his robbery sentence. In 1978, it began applying the imprisonment time to his robbery sentence, consistent with its policy that sentences be served in the order in which they were rendered.[1]

In his habeas petition, Mr. Jones claimed that the DOC lost jurisdiction over him when it stopped applying his incarceration time to his life sentence. He also claimed the state appeals court violated his due process rights when it failed to address his loss of jurisdiction claim. The magistrate judge recommended that the petition be denied as time-barred, because both his state and federal habeas corpus petitions were filed after the expiration of the statute of limitations under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2241(d)(1)(A), had expired. In the alternative, the magistrate recommended the claims be denied on the merits. After consideration of Mr. Jones's objections, the district court adopted the recommendation and dismissed the petition.

Mr. Jones appeals under 28 U.S.C. § 2254. A petitioner may appeal the denial of a § 2254 petition only "if a circuit justice or judge" issues a certificate

---

[1] According to the Magistrate Judge:
Because the murder conviction preceded the robbery conviction, he began serving the sentence for murder. When the murder sentence was commuted to life imprisonment, a new judgment was entered. That judgment post-dated the robbery sentence. Thus, when the Petitioner's murder sentence was commuted, the existing robbery sentence took precedence.
Rec. doc. 20, at 3 n.3 (Magistrate's Report and Recommendation) (hereinafter "Mag. R&R").

of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court did not act on the issue of the certificate of appealability, so we deem it denied by that court. Thus, before addressing the merits of Mr. Jones's appeal, we must consider whether to grant a certificate of appealability.

We have thoroughly reviewed Mr. Jones's application for a certificate of appealability, the magistrate judge's report and recommendation, the district court's order adopting that report and recommendation, and the entire record before us. We concluded that Mr. Jones has failed to make a substantial showing of the denial of a constitutional right substantially for the same reasons set forth in the thorough magistrate's report and recommendation.

Accordingly, we DENY Mr. Jones's application for a certificate of appealability and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge